UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES GARNER,

Plaintiff,

v.

BATES, et al.,

Defendants.

Case No. 1:24-cv-00881-KES-FJS (PC)

ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

(ECF No. 39)

Plaintiff James Garner ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendant Bates for deliberate indifference to a serious medical need in violation of the Eighth Amendment; (2) Defendants Felix, Chavez, and Whetherford for deliberate indifference to conditions of confinement in violation of the Eighth Amendment; and (3) Defendants Bates, Felix, Chavez, and Whetherford for negligence in violation of California state law.

On October 28, 2026, Plaintiff filed a motion to modify the scheduling order, seeking an extension of the discovery deadline by sixty (60) days. (ECF No. 33.) The current discovery cutoff is set for April 20, 2027. (ECF No. 32.) On October 30, 2026, the court denied Plaintiff's motions, stating that Plaintiff had not demonstrated good cause, and that Plaintiff's request was premature. (ECF No. 35 at 2.) Separately, on November 3, 2026, the court granted Plaintiff until

December 16, 2026, to respond to Bates' September 28, 2026, requests for admission, interrogatories, and requests for production of documents, set one. (ECF No. 36 at 2.) On November 5, 2026, Plaintiff filed another motion to modify the scheduling order, seeking a sixty (60) day extension. (ECF No. 39.) Plaintiff states that he seeks an extension from November 12, 2026, to January 11, 2027, to draft his second request for documents. (ECF No. 39 at 2.)

On November 17, 2026, Defendant Bates opposed Plaintiff's motion. (ECF No. 41.) Bates argues that Plaintiff already served the discovery described in Plaintiff's motion and Plaintiff offers no new reason why the court should revisit its prior order. (ECF No. 41 at 1.)

## I. Legal Standard

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id.* The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. So. Cal. Edison*, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609).

## II. Discussion

Defendant Bates argues that Plaintiff already served the discovery described in Plaintiff's motion and Plaintiff offers no new reason why the court should revisit its prior order. (ECF No. 41 at 1.) The court agrees. Plaintiff has provided no new information that demonstrates good cause for the requested modification. Plaintiff brings this motion requesting an extension of a discovery deadline that is approximately five (5) months away. There is sufficient time to propound and respond to discovery in the interim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to modify scheduling order, (ECF No. 39), is DENIED.

IT IS SO ORDERED.

Dated: **November 23, 2026**

UNITED STATES MAGISTRATE JUDGE